UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

    Plaintiff,

  v.

THE MCGRAW-HILL COMPANIES, INC., *et al.*,

    Defendants.

Case No. C06-0098RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR A PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant the McGraw-Hill Companies, Inc. and Michelle Conlin ("defendants") for a protective order. (Dkt. #8). The parties have agreed to the terms of a protective order except for two issues: (1) plaintiff's counsel does not agree to return or destroy defendants' confidential documents after the conclusion of the litigation, claiming he must retain copies for "insurance purposes;" and (2) defendants want to include a provision that any non-party that receives a document subpoena can request to produce the documents subject to "attorneys' eyes only" protection.

For the reasons set forth below, the Court grants the motion in part and denies it in part.

## II. DISCUSSION

**A.    Return of Confidential Documents.**

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR A PROTECTIVE ORDER - 1

The parties have agreed that they can designate certain documents as confidential based on their sensitive nature. That sensitivity also militates in favor of destroying or returning all copies at the conclusion of the litigation. Plaintiff's counsel nevertheless argues that he should be permitted to retain a copy of all documents, including the confidential ones, in case he needs to defend himself against a malpractice claim. At this point, that concern seems speculative and unlikely. Furthermore, plaintiff's counsel is not obligated by the ethical rules or his insurance agreement to retain copies of the confidential documents. Plaintiff's counsel also argues that the draft protective order that the parties negotiated explicitly permitted him to retain the documents. Defendants only objected to that provision after plaintiff's counsel signed the draft and believed the matter was resolved. Although defendants' decision to change their minds is unfortunate and has apparently undermined some of the goodwill between counsel, it does not justify allowing plaintiff's counsel to retain defendants' confidential documents.

Finally, defendants have suggested a reasonable alternative that should satisfy plaintiff's counsel's concern about his future ability to obtain the documents.[1] Although plaintiff's counsel rejected the proposal by arguing that defendants or their counsel might cease to exist as an entity or fail to maintain the documents as promised, those risks are equally possible if plaintiff's counsel retains the documents. In sum, the Court finds that each party is best suited to retain its own confidential documents at the end of the litigation.

**B.   Attorneys' Eyes Only Designation.**

Defendants seek to include the following provision in the protective order:

> Parties may agree, either separately or unanimously, to provide greater confidentiality protections to documents and information produced by third parties in response to subpoenas. Any non-party in receipt of a subpoena may also request that it be allowed to produce highly sensitive information to the party issuing the subpoena subject to "attorneys' eyes only" protection restricting distribution to outside and in-house counsel.

---

[1] Pursuant to defendants' proposal, the parties would return all confidential documents at the end of the litigation. Either defendants or defendants' counsel would keep a set of defendants' confidential materials and provide plaintiff's counsel with reasonable access if he needs them for insurance purposes.

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR A PROTECTIVE ORDER - 2

> The party issuing the subpoena may agree to such protections regardless of whether all parties agree. The party issuing the subpoena shall not share or distribute copies of any subpoenaed "attorneys' eyes only" information to counsel for any other party until such counsel has agreed to afford "attorneys' eyes protection" to such information as described in this Paragraph.

Defendants' Proposed Protective Order (Dkt. #8-2). This provision would allow third parties to place broad limits on their produced documents without complying with Fed. R. Civ. P. 45. Furthermore, the "attorneys' eyes only" limitation on those documents would continue throughout the litigation, even though only one party agreed to the designation. Defendants have not shown good cause for such a broad provision at this time, so the Court will not impose it. Instead, defendants argue that this provision is necessary because Microsoft, plaintiff's former employer, has informed defense counsel that it may require "attorneys' eyes only" protection for plaintiff's separation agreement with Microsoft. Defendants and Microsoft have not explained why designating the document as confidential would be insufficient. Furthermore, plaintiff does not dispute defendants' assertion that he has a copy of his separation agreement but has not produced it to defendants. Accordingly, once a protective order is in place, plaintiff must produce a copy of the agreement, designated as confidential, to defendants.

**C.     Sealing of Documents.**

Paragraph 10 of the parties' proposed protective order states that the parties will file confidential documents under seal and those documents "shall be maintained under seal by the Court." As stated in Local Civil Rule 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public view." On the few occasions when protective orders are appropriate, they should be narrowly drawn with a presumption in favor of open and public litigation. Although the proposed protective order describes categories of confidential documents, some of the categories are vague and the terms of the order give too much discretion to the parties to file documents under seal without the Court's approval. Therefore, in order to

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR A PROTECTIVE ORDER - 3

1 file a document under seal, the filing party must file a stipulation and proposed order to seal or a
2 motion to seal pursuant to the Local Rules.  The stipulation or motion must specifically explain
3 why the document should be sealed pursuant to the Local Rules.  The stipulation or motion can
4 either be filed before or at the same time as the document filed under seal.

5      Finally, the parties' proposed order provides that the order may be modified by agreement
6 of the parties; any modification of a protective order entered by the Court must be approved and
7 signed by the Court.

## III.  CONCLUSION

9      For the foregoing reasons, defendants' motion for a protective order (Dkt. #8) is
10 GRANTED IN PART AND DENIED IN PART.  Because neither of the parties' proposed
11 orders embodies the parameters set forth in this order, they may present a new proposed
12 protective order, signed by both parties, for the Court's signature.

14      DATED this 12th day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR A PROTECTIVE ORDER - 4