UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER TILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>THE MCGRAW-HILL COMPANIES, INC., *et al.*,<br><br>    Defendants. | Case No. C06-0098RSL<br><br>ORDER DENYING MOTION<br>FOR A PROTECTIVE ORDER |

This matter comes before the Court on a motion filed by plaintiff Peter Tilton for a protective order. (Dkt. #16). Plaintiff seeks to prevent Microsoft, his former employer and a third-party in this litigation, from disclosing to defendants copies of his e-mails with his attorney. The e-mails were sent and received from plaintiff's computer at Microsoft. Microsoft has not yet disclosed the e-mails to either party.

Fed. R. Civ. P. 26(c) requires that a movant confer in good faith with opposing counsel prior to filing a motion for a protective order. In this district, a good faith conference must be conducted via telephone or in person. In this case, defendants' counsel informed plaintiff's counsel by letter that Microsoft had copies of the e-mails, and that counsel planned to obtain them in response to a document subpoena. In response, plaintiff's counsel sent an e-mail that

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER - 1

stated, "Thank you for your letter of this morning, which was delivered to us about an hour ago. This responds to your letter. Neither we nor Mr. Tilton waive [sic] any attorney client privilege or work product protections. This includes emails. We are preparing a motion for a protective order." Declaration of Camden Hall (Dkt. #17), Ex. 3. Defendants' counsel wrote back requesting to know when and if the motion would be filed, and plaintiff's counsel responded with a one-line e-mail: "Yes, it will be filed today or tomorrow." Id. Merely informing opposing counsel that a motion will be filed is not a good faith effort to resolve the dispute without involving the Court.[1]

Accordingly, because the movant did not confer in good faith prior to bringing this motion, it is DENIED. The parties must confer in good faith, via telephone or in person, prior to refiling this motion. The Court will retain the motion papers, and if the parties' efforts to resolve this matter are unsuccessful, plaintiff's counsel can file a notice to renote the motion that refers to Docket #16. The notice must also include the certification required by Fed. R. Civ. P. 26(c) and Local Rule 37. In the interim, neither party should obtain the relevant e-mails from Microsoft.

DATED this 17th day of August, 2006.

Robert S. Lasnik
United States District Judge

---

[1] When the Court denies motions to compel or for a protective order for failure to meet and confer, it will sometimes offer the parties guidance on resolving the matter. It does not do so here because the parties have not yet discussed the matter at all, much less engaged in a good faith effort to resolve the matter.

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER - 2