UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

        Plaintiff,

   v.

THE MCGRAW-HILL COMPANIES, INC., *et al.*,

        Defendants.

Case No. C06-0098RSL

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on a motion for a protective order filed by third party witness Dr. Brian DesRoches, who counseled plaintiff for a period of time both before and after publication of the relevant Business Week article. (Dkt. #41). It is undisputed that Dr. DesRoches has relevant information. Dr. DesRoches seeks to be reimbursed for the time he spent in his deposition.

For the reasons set forth below, the motion is denied.

## II. DISCUSSION

**A.  Background Facts.**

Defense counsel requested to interview Dr. DesRoches, but he declined. On October 31, 2006, he received via mail a deposition subpoena and subpoena duces tecum from defendants'

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER - 1

counsel.[1] On the same day, Dr. DesRoches sent an e-mail to defense counsel confirming his intention to appear for his deposition, scheduled for November 13, 2006 at 9:00 a.m. On November 1, 2006, Dr. DesRoches retained counsel to represent him in the matter. The next day, his counsel contacted defense counsel to request that the deposition be rescheduled to accommodate her schedule. They subsequently agreed to reschedule the deposition for November 15, 2006 at 9:00 a.m. On November 8, 2006, Plaintiff's counsel explained that he was unavailable on the morning of November 15.

Defense counsel and Dr. DesRoches' counsel held a telephone conference on November 9, 2006 and agreed to begin the deposition on November 15 at noon. Dr. DesRoches' counsel states that during that conversation, she learned for the first time that defendants intended to depose Dr. DesRoches for a full day. The subpoena did not list an ending time for the deposition. Dr. DesRoches' counsel requested that Dr. DesRoches be reimbursed for the income he lost rescheduling two patient appointments on the afternoon of November 15.

Dr. DesRoches filed this motion on November 13, 2006. Dr. DesRoches appeared for his deposition on November 15, 2006 and was deposed from approximately 12:15 p.m. to 7:20 p.m., including several breaks of unspecified duration. When defense counsel concluded the deposition, plaintiff's counsel requested to continue it at a later date. Dr. DesRoches does not object to continuing the deposition to allow plaintiff's counsel to question him.

**B.      Analysis.**

Because Dr. DesRoches has already appeared for his deposition, some of the issues that his counsel raises, including whether the subpoena was properly served, are now moot. Dr. DesRoches requests that the Court order defendants to compensate him at a rate of $165 per

---

[1] The documents electronically filed by Dr. DesRoches' counsel, particularly the e-mails at Docket #52-2, are difficult to read. If necessary, counsel may contact this district's CM/ECF help desk for assistance in filing more legible copies in the future.

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER - 2

hour[2] for his time spent in the deposition. He argues that the payment is warranted for two reasons. First, Dr. DesRoches argues that defendants violated their duty to avoid imposing an undue burden on him pursuant to Federal Rule of Civil Procedure 45(c)(1). He contends that defense counsel's conduct precluded the Court from considering his motion for a protective order until after his deposition had occurred. However, as set forth above, Dr. DesRoches agreed on October 31, 2006 to appear for his deposition on November 13, counsel agreed to reschedule the deposition to accommodate his counsel, and he failed to file a motion for a protective order until just two days prior to his deposition. Under those circumstances and given the quickly approaching deadlines in this case, defendants did not act inappropriately in refusing to reschedule the deposition again. Furthermore, Dr. DesRoches has not shown that he lost any income as a result of appearing for the November 15 deposition. Although he had two patient appointments scheduled for that afternoon, he does not dispute defendants' argument that he was able to reschedule both of them. While rescheduling the appointments may have been inconvenient, it does not represent an undue burden.

Second, Dr. DesRoches argues that he is entitled to his hourly fee as an expert witness. Although Dr. DesRoches concedes that he was subpoenaed as a fact witness and fact witnesses are not typically entitled to be paid an hourly fee, he argues that defendants spent a portion of the deposition asking him about expert witness topics. Specifically, defense counsel questioned Dr. DesRoches about the book he authored on family patterns in the workplace, and about whether plaintiff's conduct fits certain patterns described in his book. Certainly, the line between an "expert" opinion and a treating counselor's factual observations is not always clear. In this case, the referenced inquiries are more closely related to Dr. DesRoches' own treatment and knowledge of plaintiff rather than to knowledge acquired or developed in anticipation of litigation or for trial. See, e.g., Baker v. Taco Bell Corp., 163 F.R.D. 348 (D. Colo. 1995). The

---

[2] Dr. DesRoches charges his patients $110 per hour. He has not explained why he has demanded a higher fee from defendants.

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER - 3

brief questioning on those topics did not transform Dr. DesRoches' deposition into an expert deposition. Accordingly, Dr. DesRoches is not entitled to a fee other than the statutory witness fee, which he has already received.

### III. CONCLUSION

For all of the foregoing reasons, Dr. DesRoches' motion for a protective order (Dkt. #41) is DENIED. Dr. DesRoches' request to be reimbursed for his time is denied. As a matter of professional courtesy, if plaintiff's counsel seeks to reconvene Dr. DesRoches' deposition and has not already done so, he must cooperate with Dr. DesRoches' counsel to continue the deposition on a day and time when Dr. DesRoches either does not have patient appointments scheduled or when he can reschedule the appointments.

DATED this 6th day of December, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge