UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

        Plaintiff,

    v.

THE MCGRAW-HILL COMPANIES, INC.,
*et al.*,

        Defendants.

Case No.  C06-0098RSL

ORDER GRANTING IN
PART AND DENYING IN
PART MOTION TO COMPEL

## I.  INTRODUCTION

        This matter comes before the Court on plaintiff's motion to compel (Dkt. #47).  Plaintiff alleges that defendants have failed to respond fully to his discovery requests and have refused to provide witnesses in response to his Federal Rule of Civil Procedure 30(b)(6) deposition notice. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## II.  DISCUSSION

        As an initial matter, defendants have alleged that plaintiff has filed this motion for an improper purpose, perhaps to divert the Court's attention away from their pending motion to dismiss.  There is no evidence that plaintiff filed this motion for an improper purpose.  Instead, the parties have been unable to agree about several areas of discovery.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 1

Plaintiff served two sets of Interrogatories and Requests for Production on August 11 and August 23, 2006, respectively.  Defendants served responses to the first set on September 11, 2006 and supplements to the same on October 13 and 19, November 6 and 10.  Defendants served their responses to the second set of discovery requests on September 22, 2006.

Plaintiff's attorney has certified that counsel conferred in good faith prior to bringing this motion.  They were unable to resolve the issues, although they conducted a telephone conference on November 3, 2006.[1]  As set forth below, the parties continue to disagree about numerous issues.

**A.   The August 11 Discovery Requests.**

**1.   Request for Production Nos. 4, 6, 21, 22, 24, 27 and 28.**

Request No. 4 seeks non-privileged communications among defendants regarding plaintiff and/or this lawsuit.  Request No. 6 seeks a copy of all articles written by defendant Conlin and copies of "all related letters to the Editor and any critique of any of the articles received by defendants."  Defendants have provided plaintiff with a list of articles Ms. Conlin published in BusinessWeek and all letters to the editor related to the May 10, 2004 BusinessWeek article about plaintiff (the "article").  Requests Nos. 21, 22, and 24 ask for documents regarding plaintiff's admissions against interest, plaintiff's failure to mitigate damages, and comparative/contributory negligence.  Request No. 27 seeks all documents that support defendants' affirmative defenses.  Request No. 28 requests all of defendant Conlin's e-mail or other documents about plaintiff.  Defendants claim that they have already produced all documents responsive to these requests.  Plaintiff objects to the responses because defendants

---

[1] Counsel had additional discussions regarding discovery issues during depositions on November 30, 2006.  Those discussions, however, are not considered Rule 37 conferences because conversations between counsel during recorded depositions are typically more about posturing and getting one's position on the record than a good faith effort to resolve issues.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 2

have refused to identify the previously-produced documents by Bates numbers.[2]

Federal Rule of Civil Procedure 34(b) states in relevant part, "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Plaintiff should not be required to guess regarding which previously-produced documents defendants believe are relevant to the requests. Defendant counters that the purpose of Rule 34 is served because plaintiff has received the responsive documents. Defendants' argument, if accepted, would obviate Rule 34's specific requirements regarding the manner of production.

Defendants also argue that it would be unduly burdensome for them to "catalog" all of plaintiff's admissions against interest in response to Request No. 21. As an example, defendants reference the e-mails they submitted with their motion to dismiss, which include approximately one hundred pages. Although defendants claim that the e-mails are merely "the tip of the iceberg," they have not supported that statement. Nor have they shown that providing the Bates numbers or re-producing the e-mails and other statements would be unduly burdensome.

Accordingly, the first time defendants produce documents, they must produce them in one of the two manners set forth in Rule 34. If the documents are responsive to subsequent requests and defendants choose not to produce the documents again in either of the manners set forth in Rule 34, then they must provide the Bates numbers of the previously produced documents.[3]

---

[2] In a related issue, the correspondence shows that defendants produced some supplemental documents to plaintiff without identifying to which requests they were responsive. Plaintiff should not have to guess. When producing documents, the parties must identify the request to which the documents are responsive.

[3] The Court does not mean to imply that parties will always be required to provide the Bates numbers of previously produced documents. In some cases, if only a small number of documents have been produced, a party could, instead of providing the Bates numbers, identify the responsive documents with sufficient particularity so as to leave no doubt as to which documents they are referencing (for example, "August 21, 2006 letter from John Doe"). In this

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 3

## 2.      Request for Production No. 5.

Plaintiff seeks a copy of defendant Conlin's and her editors' personnel files.  Defendants responded that they have reviewed the files and determined that they contain "no discoverable documents."  That broad contention is insufficient to satisfy defendants' obligation to respond. Plaintiff specifically requested the personnel files, so defendants must specify why they should not be required to produce them.

Plaintiff argues that the credibility, background, and experience of Conlin and her editors are relevant in this case.  As for whether the relevance outweighs the individuals' privacy concerns, the Court will review the files *in camera* to make that determination.

Plaintiff also alleges that defendants have not yet provided a privilege log or stated that there were no privileged documents responsive to Request Nos. 5, 18 and 19.  Defendants assert that they have provided a privilege log and stated that no documents are being withheld based on privilege for Request Nos. 5, 18 and 19.   Accordingly, it appears that those issues have been resolved.

## 3.      Request for Production Nos. 8 and 9.

Plaintiff has requested copies of all documents that generally and specifically demonstrate the gross and net income (after the deduction of all related expenses) derived by BusinessWeek for the issue in which the article was published.  Plaintiff argues that how much defendants profited from the article is relevant, but he has not explained why.  The request does not appear to be reasonably calculated to lead to the discovery of admissible evidence, particularly because plaintiff's damages will be measured by the harm to plaintiff, not by defendants' profits from the article.  Plaintiff has not sought punitive damages, and they do not appear to be available for the claims asserted.  Accordingly, defendants will not be required to produce documents in response to these requests.

---

case, however, where a substantial number of documents have already been produced, defendants must provide the Bates numbers if they choose not to re-produce the documents.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 4

### 4.    Request for Production Nos. 11 and 12.

Plaintiff seeks copies of pleadings and settlements in which defendants were named as defendants since January 1, 2001 that involved the torts asserted in this lawsuit, including breach of contract, breach of promise, negligent infliction of emotional distress, outrage, invasion of privacy, and negligent performance of contract.  Defendants agreed to provide documents only related to actions involving an alleged breach of a promise of confidentiality.  Defendants responded that other than this case, no lawsuits have been brought against The McGraw-Hill Companies, Inc. involving BusinessWeek and any claims of breach of confidentiality during the relevant time.  No lawsuits have been filed against defendant Conlin, except this lawsuit, during the relevant time.

Plaintiff counters that documents regarding lawsuits involving his other claims may be admissible under Evidence Rule 406, which provides that evidence of the habit of a person or of the routine practice of an organization may be relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice. However, the only relevant habit or practice in this case is a breach of a promise of confidentiality.  All of plaintiff's claims and damages flow from that alleged breach. Accordingly, the requests for documents regarding lawsuits involving other claims are not reasonable calculated to lead to the discovery of admissible evidence.

### 5.    Interrogatory No. 13 and Request for Production No. 14.

These requests ask for the identity of the web host for www.businessweek.com and all persons involved with putting the article on the website and related documents.  Plaintiff has not explained how the requests are reasonably calculated to lead to the discovery of admissible evidence, so the motion to compel responses to these requests is denied.

### 6.    Request for Production No. 15.

In response to this request, which asks for the identification of people with relevant knowledge, defendants listed approximately 70 people, including plaintiff's counsel.  Plaintiff's

1   counsel understandably objects to his inclusion.  There was no need for defendants to take this

2   provocative step, but at this point, the issue is not ripe for the Court's review.  Defendants have

3   not moved to disqualify plaintiff's counsel as a trial witness, or suggested any other action that

4   would require adjudication at this time.  The Court hopes that defendants will voluntarily

5   remedy this mistake without Court action.

6          **7.     Interrogatory No. 17 and Request for Production No. 18.**

7          These requests seek information regarding defendants' trial experts.  The deadline for

8   providing the information was December 11, 2006, after plaintiff filed this motion.  Defendants

9   were required to comply with the Court's scheduling order and were not required to provide the

10   information early in response to the discovery requests.

11          **8.     Request for Production No. 19.**

12          This request asks defendants to provide all unprivileged documents relevant to this

13   lawsuit.  Defendants responded that they have already provided all responsive documents.

14   Plaintiff argues that defendants did not identify them by Bates number.  However, because the

15   request would arguably require defendants to list the Bates numbers of *all* previously produced

16   documents, the Court will not require defendants to provide the Bates numbers of the documents

17   responsive to this request.

18   **B.     The August 23 Requests for Production.**

19          Request Nos. 1 and 2 ask for post January 1, 2000 BusinessWeek and Conlin authored

20   articles that refer to an anonymous source.  Plaintiff asserts, "The journalistic practice of

21   utilizing, and respecting, anonymous sources is critical to this case."  Motion at p. 8.

22   Defendants' assertion of an undue burden is well taken.  BusinessWeek articles during the

23   relevant time are publically available.  Plaintiff is equally able to comb through the articles to

24   search for references to anonymous sources.  Furthermore, defendants have provided plaintiff

25   with a list of articles that Conlin published in BusinessWeek.  Accordingly, the motion to

26   compel an additional response to these requests is denied.

27

28   ORDER GRANTING IN PART AND
     DENYING IN PART MOTION TO COMPEL - 6

**C.      The Fed. R. Civ. P. 30(b)(6) Deposition.**

On October 27, 2006, plaintiff served a Rule 30(b)(6) deposition notice on defendants, who served their objections on November 10, 2006.  Counsel conferred on November 13, 2006 but were unable to resolve certain issues.  Depositions were conducted on November 29 and 30, 2006, but defendants refused to provide a witness to testify about the topics below.

**1.      Items 1, 5 and 6: Revenue and Advertising Information.**

Item 1 seeks a witness who can testify about the income derived from the article.  Items 5 and 6 seek a witness who was responsible for placing advertising on the BusinessWeek website containing the article and who can provide information about revenue generated from advertising accompanying the article on the website.  As set forth above, plaintiff has not shown that information about the amount of revenue generated by the article is reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the Court will not compel defendants to produce a witness on these topics.

**2.      Item 2: Circulation.**

This item seeks a witness to testify about the circulation of BusinessWeek (for example, the number of printed and circulated copies, geography where it is circulated, and to whom or what it is circulated) in general and from the May 10, 2004 article in particular.  Defendants argue that they have already provided circulation information for the issue in dispute and the 12 months ending June 2004 in response to an interrogatory.  The circulation information about the article is relevant to show how broadly the article was disseminated.  Plaintiff has not shown the relevance of circulation information for other issues or years.

As for circulation regarding the article, plaintiff has not alleged that he needs additional information from a live witness or identified what that information might be.  Accordingly, the Court will not compel defendants to produce a witness on this topic.

**3.      Item 3: Code of Ethics.**

This item seeks a witness who can testify about BusinessWeek's codes of ethics and

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 7

guidelines.  Defendant objects to providing a witness to testify regarding code provisions that went into effect after the article was written.  Although evidence of subsequent remedial measures is generally inadmissible, it is admissible for certain purposes.  Furthermore, even though a fact witness has testified about later changes, that is not the same as producing a Rule 30(b)(6) witness to testify on behalf of the company.  Therefore, defendants must produce a witness to testify about item number 3.

### 4.  Items 4 and 7: Website Issues.

Item 4 seeks a witness who can testify about why the article remains on the BusinessWeek website.  Item 7 seeks a witness who can testify about the number of "hits" to the website containing the article and the identity of persons who accessed the website.

Defendants counter that they have responded to the same inquiries in response to interrogatories.  In general, a party's response to written discovery requests does not automatically excuse it from its obligation to provide witnesses to testify in depositions.  In this case, however, plaintiff has not explained what, if any, additional information he seeks from the deposition or why he needs to question a live witness about the same topics.  Therefore, the Court will not require defendants to produce a witness on these topics.

### D.  The Parties' Lack of Compliance with the Local Rules.

The Court must note the parties' continued lack of compliance with the Local Rules.  It seems that nearly every filing contains a violation of the Local Rules, and the instances are too numerous to go unmentioned.  In the most egregious example, plaintiff filed a document captioned as a "CR 37 Joint Submission" and styled it as such, but the filing was not, in fact, a joint submission.  (Dkt. #50).  Both parties then sent letters to the Court regarding the "Joint Submission," even though nothing in the Local Rules authorizes or contemplates submitting arguments to the Court via letters.[4]  In another example, plaintiff filed the instant 14-page

---

[4] In his letter, plaintiff requested that the Court consider his improperly filed "Joint Submission" on an expedited basis even though motions to shorten time have been abolished in

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 8

motion to compel, even though the Local Rules include a 12-page limit.  Defendants received

permission to file 20-page memoranda in response to the motion to compel and in reply to their

motion to dismiss, but both times, they filed 21-page memoranda.  In connection with

defendants' motion to dismiss, currently pending before the Court, defendants improperly filed a

motion to file an overlength memorandum on the same day that the memorandum was due.

Plaintiff filed an "objection" to certain evidence submitted with defendants' reply in support of

their motion to dismiss, even though the Local Rules do not provide for such "objections" except

when filed as a proper surreply.  In another egregious example, defendants recently filed a

"supplemental" declaration two weeks after the close of briefing for its motion to dismiss

without seeking permission to file the document late, without giving plaintiff any opportunity to

respond, and without showing good cause[5] for the extensive delay.  The Court will not consider

that late filed declaration.

     The Court has the right to expect better from experienced civil practitioners such as the

attorneys in this case.  Especially in a lawsuit where the parties are parsing the rules and ethics

of another profession (journalism), the Court has the right to expect the officers of the court to

read and follow the Local Rules and to be mindful of the oath all members of the bar took when

they received the privilege of appearing in the United States District Court.  Any further

violation of the Local Rules, or of the Court's prior orders requiring the prompt provision of

chambers' copies, will result in the imposition of sanctions.

### III.  CONCLUSION

     For all of the reasons set forth above, plaintiff's motion to compel (Dkt. #47) is

GRANTED IN PART AND DENIED IN PART.  The Court ORDERS defendants to provide to

this district.

    [5] Defendants filed the declaration as a "Supplemental Statement of Authority Regarding Defendants' Motion to Dismiss" and stated therein, without any further explanation, that the attached declaration "was not available" until after defendants filed their reply.  (Dkt. #84).

the Court, within 20 days of the date of this Order, defendant Conlin's and her editors' personnel files for an *in camera* review. **The files shall be hand-delivered to the Chambers of Judge Lasnik, not filed with the Clerk's office.**

DATED this 5th day of January, 2007.

MRT S Lasnik

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL - 10