UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

    Plaintiff,

  v.

THE MCGRAW-HILL COMPANIES, INC., *et al.*,

    Defendants.

Case No. C06-0098RSL

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S FUTURE EMPLOYABILITY

## I. INTRODUCTION

This matter comes before the Court on a motion for partial summary judgment filed by defendants the McGraw-Hill Companies, Inc. and Michelle Conlin (collectively, "defendants"). (Dkt. #128).[1] Defendants argue that discovery is now closed and plaintiff has adduced no evidence that the BusinessWeek article affected his employability or caused future wage loss. They therefore seek summary judgment on those claims.

For the reasons set forth below, the Court grants the motion.

## II. DISCUSSION

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, and because the Court previously heard oral argument on similar issues, defendants' request for oral argument is denied.

ORDER GRANTING MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

**A.    Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**B.    Analysis.**

In a March 9, 2007 order, the Court granted in part defendants' motion to dismiss plaintiff's claims as a sanction for his discovery misconduct.  The Court held:

> [T]he Court precludes plaintiff from arguing that the article led to his dismissal from Microsoft or seeking damages related to the termination of his employment from Microsoft.  This order does not affect plaintiff's other non-economic damages or limit his ability to argue and present evidence to show that (1) the article damaged his reputation, which has impacted or will impact his ability to obtain other employment, and/or (2) the article caused or exacerbated plaintiff's health issues, which has impacted or will impact his ability to obtain other employment.  Plaintiff will not be granted an extension of the discovery deadline or expert witness disclosure deadline to obtain additional evidence regarding future wage loss.

Plaintiff argues that the article has negatively affected his reputation, which will impede his ability to obtain other employment.  Plaintiff, however, has not sought other employment since the article was published, so he has no evidence that his employment prospects have actually been affected.  Furthermore, he has not identified any witnesses, lay or expert, to opine regarding how the article might impact his employability.[2]  For example, he has not identified any potential employers who might base a hiring decision on the article or elicited opinions from them.  Nor has he identified any job recruiters or similar professionals who could testify

---

[2] Plaintiff's response to the motion vaguely references "others" who might testify on his behalf at trial.  Plaintiff's Response at p. 7.  Even if those witnesses had been disclosed, which they were not, a vague reference to witnesses, without evidence from them, cannot defeat a summary judgment motion.

ORDER GRANTING MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2

1 regarding the impact of the article on his employment prospects.  Instead, plaintiff offers only
2 his own speculation that the article will negatively affect his employability, if and when he seeks
3 other employment.  He argues that when he worked at Microsoft, they would "Google"
4 perspective employees, and he implies that Microsoft would not have hired someone who was
5 the subject of such an article.  Declaration of Peter Tilton, (Dkt. #136) at p. 6.  Even if plaintiff's
6 testimony reflects Microsoft's practices, which is questionable, it is irrelevant, in part because
7 plaintiff is not seeking re-employment with Microsoft.  Furthermore, there is no evidence that
8 other employers with whom plaintiff might seek employment would follow a similar practice.
9 Plaintiff lacks foundation to testify regarding the practices of potential employers or how they
10 might view him in light of the article.  See, e.g., Woodman v. WWOR-TV, Inc., 411 F.3d 69, 87
11 (2d Cir. 2005) (explaining that an employee lacked foundation to testify regarding how others in
12 the industry perceived her reputation); Fed. R. Evid. 602; Fed. R. Evid. 701.  Similarly, the
13 Court will not invite the jury, who may have no experience in hiring or in relevant industries, to
14 speculate without the benefit of evidence regarding how the article will impact plaintiff's
15 employability with potential unidentified employers.

16 Plaintiff argues that summary judgment is unwarranted because he has presented
17 testimony from his psychiatrist, Dr. Daniel Wolf, that the article negatively impacted his health
18 and his ability to obtain other employment.  Even if that evidence is admissible[3] and probative,
19 which defendants dispute, it is insufficient to defeat summary judgment.  Damages may not be
20 "based only on speculation or guesswork."  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259
21 F.3d 1101, 1107 (9th Cir. 2001).  In this case, plaintiff has not identified any expert to testify
22 about the amount of his future lost wages, and it is now too late to do so.  Instead, plaintiff seeks
23 to calculate his future wage loss based on his earnings at Microsoft.  Allowing him to do so,

---

[3] In their reply memorandum, defendants request that the Court strike the declaration of Dr. Wolf.  Because the Court grants defendants' motion even if Dr. Wolf's declaration is considered, it need not rule on the admissibility of the declaration.

ORDER GRANTING MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

however, would be inappropriate for at least two reasons. It would permit plaintiff to evade the Court's prior ruling precluding him from seeking damages related to his separation from Microsoft. Furthermore, there is no evidence that the Microsoft earnings reflect what plaintiff could earn at other employment. In fact, he testified during his deposition that Microsoft compensates its employees more generously than other employers. Tilton Dep. at pp. 110-11.

This case is similar to Church v. Steller, 35 F. Supp. 2d 215 (N.D.N.Y. 1999) in which plaintiff, a former high school principal, sought compensation for the loss of employment he would have obtained had the school district not made public his resignation in violation of the parties' agreement. The court rejected as too speculative plaintiff's claim for future economic damages based on damage to his reputation because plaintiff "offered no evidence . . . to establish what employment opportunities were lost, that he would have obtained any such employment, or the rate of pay he would have received." Church, 35 F. Supp. 2d at 222. Similarly, in this case, plaintiff has no evidence of what employment opportunities he has lost or the rate of pay he would have received. Absent such evidence, plaintiff's claim for future economic wage loss would be based solely on speculation. The claim must therefore be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment (Dkt. #128) is GRANTED.

DATED this 30th day of October, 2007.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4