UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

        Plaintiff,

    v.

THE MCGRAW-HILL COMPANIES, INC., *et al.*,

        Defendants.

Case No. C06-0098RSL

ORDER DENYING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendants the McGraw-Hill Companies, Inc. and Michelle Conlin (collectively, "defendants").[1] (Dkt. #125). Defendants argue that dismissal is warranted because plaintiff committed discovery misconduct in the past, the Court sanctioned him and warned him that additional misconduct could result in dismissal, and plaintiff subsequently withheld responsive documents. Plaintiff counters that the documents, while responsive to discovery requests, were created after the December 15, 2006 discovery deadline, so he was not required to produce them.

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, and because the Court previously heard oral argument on similar issues, defendants' request for oral argument is denied.

ORDER DENYING
MOTION TO DISMISS - 1

For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Defendants argue that dismissal is warranted in part because plaintiff has engaged in discovery misconduct in the past in this case. On September 28, 2006, after plaintiff refused to attend his deposition, the Court admonished him that he was obligated to participate in discovery and warned that sanctions might be imposed if he refused to do so. On March 9, 2007, the Court sanctioned plaintiff for destroying e-mails, withholding documents, threatening the physician who performed an independent medical examination, and attempting to intimidate Microsoft witnesses and extort money from the company. That order "strongly cautioned" plaintiff "that any further misconduct may result in dismissal and/or other sanctions." (Dkt. #117).

On April 24, 2007, defendants served a document subpoena on plaintiff's psychiatrist, Dr. Wolf, after learning that he had resumed treating plaintiff. In response, Dr. Wolf produced nearly 200 pages of documents, many of which were e-mails between plaintiff and Dr. Wolf, and between plaintiff and his ex-wife, his children, and his parents. It is undisputed that defendants' requests for production were broad enough to include those communications. The issue is whether plaintiff was required to produce the e-mails given the timing of their creation.

As an initial matter, defendants argue in their memoranda that plaintiff failed to produce e-mails he created prior to the close of discovery. Certainly, plaintiff was required to produce any responsive documents created prior to the discovery deadline, even if they were created after he had responded to the discovery requests. However, Dr. Wolf's file does not include any communications created prior to the close of discovery. Defendants have not cited or provided any such documents to the Court. Accordingly, based on the current record, the Court cannot conclude that plaintiff withheld additional e-mails created prior to the discovery deadline. However, plaintiff's ex-wife's statement that she had received "500+ e-mails" from plaintiff raises serious questions about whether some of those e-mails were sent prior to the discovery

deadline.  Declaration of Gavin Skok, (Dkt. #126) ("Skok Decl."), Ex. O.  Even though discovery is now closed, defendants may subpoena such communications from plaintiff's ex-wife.  If her production contains communications sent by plaintiff prior to the discovery deadline but not produced, defendants may again move to dismiss.[2]

The Court therefore considers whether plaintiff was required to produce e-mails he created after the discovery deadline passed.  Plaintiff argues that there is no duty to supplement with documents created after the discovery deadline.  Resolution of this issue is far from clear.  On one hand, the general instructions to the discovery requests state, "If there are any additions, deletions, or changes in the answers or information provided at any time prior to trial, you are specifically requested to so inform these defendants.  If additional documents are discovered between the time of providing these responses and the time of trial, these requests for production are directed to that information."  Skok Decl., Ex. D.  Also, the Advisory Committee Notes on the 1993 Amendment to Federal Rule of Civil Procedure 26(e) state, "Supplementation should be made with special promptness as the trial date approaches," suggesting that the duty continues up to the time of trial.  On the other hand, the applicable Federal Rule of Civil Procedure does not appear to require supplementation of documents created after the close of discovery under these circumstances:

> A party who has . . . responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired . . . in the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its [initial disclosures] if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . .
>
> (2) A party is under a duty seasonably to amend a prior response to a . . . request for production . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise

---

[2] Given the quickly approaching trial date and the fact that the parties have already extensively briefed the issue, the Court would consider the motion on an expedited basis.  Defendants may file and note any such motion pursuant to Local Rule 7(d)(2).

ORDER DENYING
MOTION TO DISMISS - 3

1 been made known to the other parties during the discovery process.
2 Fed. R. Civ. P. 26(e). Defendants have not shown that plaintiff's initial disclosures or discovery
3 responses were incomplete or incorrect. Also, the parties are not subject to any court order
4 requiring them to produce documents created after the discovery deadline. Neither party has
5 produced any authority directly on point; none of the cases they cited involved documents
6 created after the close of discovery. Although defendants argue that plaintiff agreed to
7 supplement his production, he did not state that he would provide documents created after the
8 deadline.

9 The Court need not decide at this point whether plaintiff was required to produce the e-
10 mails he created after the close of discovery. Instead, because the applicable authority is scant
11 and fairly debatable, plaintiff's conduct is not sanctionable.

12 Finally, because the parties have not raised the issue, the Court does not consider the
13 admissibility of the e-mails. If necessary, the parties may raise that issue at the appropriate time.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. #125) is DENIED.

DATED this 30th day of October, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO DISMISS - 4