UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

    Plaintiff,

  v.

THE MCGRAW-HILL COMPANIES, INC., *et al.*,

    Defendants.

Case No. C06-0098RSL

ORDER REGARDING DEFENDANTS' MOTIONS *IN LIMINE*

    This matter comes before the Court on defendants' motions *in limine*. As the Court explained during the November 27, 2007 pre-trial conference in this case, the Court rules as follows.

    The Court GRANTS IN PART AND DENIES IN PART defendants' motion to exclude evidence and testimony regarding Michelle Conlin's health information. (Dkt. #160). Plaintiff may, for purposes of cross-examination, use any information about Conlin's health at the time of the relevant interactions with Dr. DesRoches and plaintiff that may have affected her ability to perceive and remember.

    The Court GRANTS IN PART AND DENIES IN PART defendants' motion to exclude certain testimony from Dr. Wolf. (Dkt. #161). Dr. Wolf must disclose his 2007 treatment notes regarding plaintiff. He may testify regarding his professional observations and treatment of

ORDER REGARDING
MOTIONS *IN LIMINE* - 1

1  plaintiff.  Plaintiff may show Dr. Wolf a two to five minute portion of his 2006 deposition, and
2  Dr. Wolf may opine regarding whether it accurately reflects plaintiff's condition at that time.
3        The Court DENIES defendants' motion to exclude expert testimony from Larry Johnson.
4  (Dkt. #153).  Mr. Johnson may testify as a rebuttal witness regarding whether Conlin altered the
5  document that included her notes for the article.
6        The Court GRANTS defendants' motion to exclude expert testimony from Dr.
7  DesRoches.  (Dkt. #168).  Dr. DesRoches may testify only as a fact witness.  He will not be
8  permitted to offer an opinion about the cause of plaintiff's psychological problems.
9        The Court GRANTS defendants' motion to exclude any expert testimony from Gerald
10 Baldasty, Ph.D. that was not disclosed in his November 12, 2006 expert disclosure report or in
11 plaintiff's November 22, 2006 response to defendants' discovery requests.  (Dkt. #154).
12       The Court GRANTS defendants' motion to exclude evidence or argument regarding the
13 privacy act lawsuit brought by Linda Tripp.  (Dkt. #155).
14       The Court DENIES defendants' motion to exclude evidence regarding the March 14,
15 2007 National Public Radio interview.  (Dkt. #156).
16       The Court DENIES defendants' motion to exclude evidence regarding Google searches
17 about the BusinessWeek article.  (Dkt. #162).
18       The Court GRANTS IN PART AND DENIES IN PART defendants' motion to exclude
19 evidence regarding defendants' income from the BusinessWeek article.  (Dkt. #157).  Plaintiff
20 may not introduce evidence about the income generated, but may introduce evidence about the
21 circulation of the magazine.
22       The Court GRANTS IN PART AND DENIES IN PART defendants' motion to exclude
23 evidence regarding the McGraw-Hill Companies, Inc. (Dkt. #163).  Financial information about
24 McGraw-Hill is not relevant.  However, plaintiff may introduce evidence to show that McGraw-
25 Hill owns BusinessWeek and to explain why it was named as a defendant in this case.
26       The Court GRANTS IN PART AND DENIES IN PART defendants' motion to exclude

1  Conlin's salary information and personnel file. (Dkt. #158). Plaintiff may not introduce
2  evidence about her salary, which is not relevant. Plaintiff may utilize portions of her personnel
3  file in cross-examination of Ms. Conlin if they are relevant.
4    The Court GRANTS defendants' motion to exclude evidence regarding the effect of the
5  article on plaintiff's family. (Dkt. #164). That evidence is not relevant.
6    The Court GRANTS IN PART AND DENIES IN PART defendants' motion to exclude
7  evidence regarding plaintiff's former employment with Microsoft. (Dkt. #165). Plaintiff may
8  testify regarding background information about his employment with Microsoft, including the
9  dates of his employment, his job titles, job duties if relevant, and the fact that he left such
10 employment. Defendant may introduce the e-mails plaintiff wrote regarding Microsoft. The
11 parties may offer evidence that plaintiff had psychological issues that manifested themselves in
12 the workplace. Plaintiff cannot argue or testify that the article caused him to lose his job at
13 Microsoft.
14   The Court GRANTS as uncontested defendants' motion regarding plaintiff's general trial
15 conduct. (Dkt. #159).

17   DATED this 29th day of November, 2007.

                                    *Robert S. Lasnik*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER REGARDING
MOTIONS *IN LIMINE* - 3