UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

        Plaintiff,

    v.

THE MCGRAW-HILL COMPANIES, INC., *et al.*,

        Defendants.

Case No. C06-0098RSL

ORDER DENYING DEFENDANTS' THIRD MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendants the McGraw-Hill Companies, Inc. and Michelle Conlin (collectively, "defendants"). (Dkt. #174). Defendants argue that dismissal is warranted because plaintiff committed discovery misconduct in the past, the Court sanctioned him and warned him that additional misconduct could result in dismissal, and plaintiff subsequently withheld responsive documents, including e-mails that he sent to his ex-wife.

For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Plaintiff's prior discovery violations are set forth in previous orders and will not be

ORDER DENYING
MOTION TO DISMISS - 1

repeated here.  On April 24, 2007, defendants served a document subpoena on plaintiff's psychiatrist, Dr. Wolf, after learning that he had resumed treating plaintiff.  In response, Dr. Wolf produced nearly 200 pages of documents, many of which were e-mails between plaintiff and his ex-wife, his children, and his parents that plaintiff had not produced to defendants.  It is undisputed that defendants' requests for production were broad enough to include those communications.  The Court denied defendants' second motion to dismiss because defendants had not shown that the e-mails were written prior to the discovery deadline, and his obligation to produce documents created after the deadline was fairly debatable.  The Court permitted defendants to subpoena documents from plaintiff's ex-wife to determine if plaintiff created responsive documents prior to the deadline but failed to produce them.

It is now clear that plaintiff failed to produce responsive documents he wrote prior to the discovery deadline.  Defendants urge the Court to dismiss plaintiff's case as a discovery sanction.  Plaintiff does not dispute that he failed to produce responsive documents, but argues, among other things, that he was unable to do so because of his mental state.  As the Court explained during the November 27, 2007 pre-trial conference in this matter, the documents were responsive and plaintiff violated his discovery obligations by failing to produce them.  The Court, however, will not dismiss the case.  The e-mails are, for the most part, duplicative of documents defendants already have.  Also, the documents do not go to the core issue in the case, which is whether Conlin promised plaintiff confidentiality.  Rather, the e-mails relate to the issue of damages and reflect plaintiff's troubled psychological state at the time.  Plaintiff states that he did not recall writing the e-mails because of his mental state.  However, the Court is very concerned about plaintiff's failure to disclose the document he wrote in rebuttal in his divorce proceeding.  That document, in contrast to the e-mails, is well thought out and detailed.  The Court does not find credible any assertion that plaintiff did not recall writing that document.  Although the Court is not dismissing the case, plaintiff's withholding of that document is a serious violation.  The additional violation further supports the Court's earlier ruling dismissing

ORDER DENYING
MOTION TO DISMISS - 2

portions of plaintiff's claims, including his claim for loss of future economic earning potential.

The Court will take under advisement the issue of whether plaintiff's failure to produce the documents has prejudiced defendants. If it appears that it has during the course of the trial, the Court may reconsider this ruling and grant defendants additional relief. As the Court explained during the November 27, 2007 hearing, as a result of its rulings, plaintiff may pursue at trial only emotional distress damages.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. #174) is DENIED.

DATED this 29th day of November, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO DISMISS - 3