1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TILTON,

        Plaintiff,

    v.

THE MCGRAW-HILL COMPANIES, INC.,
*et al.*,

        Defendants.

Case No.  C06-0098RSL

ORDER REGARDING
MOTIONS TO SEAL

    This matter comes before the Court on numerous motions by the parties to seal various

documents in this case.  As a result of the motions, a substantial portion of the docket is now

sealed, which is inconsistent with the public's right of access.  In considering the motions, the

Court takes into account the fact that much of the "confidential" information has been testified

about in open court during the course of the trial, and therefore is no longer truly private.

**A.**    **Motions in Limine and Related Documents**

    Regarding defendants' motion to file their motions *in limine* and supporting documents

under seal (Dkt. #152), plaintiff's motion to file his responses under seal (Dkt. #186), and

defendants' motion to file their replies in support of those motions under seal (Dkt. #212), the

Court GRANTS IN PART AND DENIES IN PART all three motions.

    The motion to exclude expert testimony from Dr. Wolf (Dkt. #161), the response (Dkt.

ORDER REGARDING
MOTIONS TO SEAL - 1

1  #188), the reply (Dkt. #214), and the response to the motion concerning Brian DesRoches (Dkt.

2  #190) contain only brief summaries of Mr. Tilton's medical information, all of which was

3  testified about in open court.  In contrast, the Declaration of Camden Hall, (Dkt. #202), includes,

4  among other documents, the detailed report of Dr. Gerald Rosen, which contains detailed

5  information about his in-depth psychiatric evaluation of plaintiff, which is private.  That

6  document may remain under seal.

7         The motion to exclude information about Google searches (Dkt. #162) does not appear to

8  contain any private or sensitive information.  The motion to exclude evidence regarding The

9  McGraw-Hill Companies' financial and corporate information (Dkt. #163), the response (Dkt.

10 #195), and the reply (Dkt. #217) do not actually contain any commercially sensitive or

11 proprietary information.  Similarly, the motion to exclude testimony regarding the effect of the

12 article on plaintiff's family (Dkt. #164), the response (Dkt. #198), and the reply (Dkt. #218) do

13 not divulge personal or sensitive information about Mr. Tilton or his family members.

14 Defendants' motion to exclude evidence regarding plaintiff's Microsoft's employment (Dkt.

15 #165), the response (Dkt. #200), and the reply (Dkt. #219) do not contain commercially

16 sensitive or proprietary information, or trade secrets.  Although the motion includes the amount

17 of Microsoft's severance payment to plaintiff, he testified about that amount during the trial.

18        In contrast, the motion to exclude Ms. Conlin's personal information (Dkt. #160), the

19 exhibits to counsel's declaration in support of the motions *in limine* (Dkt. #167), and the reply

20 (Dkt. #213) contain private information about Ms. Conlin, including medical information, that

21 was not relevant or testified about in the trial.  In addition, the Declaration of Camden Hall (Dkt.

22 #197) includes Ms. Conlin's personnel file, which contains private information.  The public's

23 interest in the information about Ms. Conlin is minimal, and that motion and two declarations of

24 counsel may remain under seal.  Plaintiff's response to that motion (Dkt. #187), however, does

25 not contain any private information and will be unsealed.

26        The reply in support of the motion to exclude expert testimony from Larry Johnson (Dkt.

27

28 ORDER REGARDING
   MOTIONS TO SEAL - 2

1   #215) was apparently filed under seal in error, because defendants have not provided any

2   argument about why it should remain under seal and there appears to be no reason to do so.  The

3   reply in support of the motion to exclude expert testimony from Brian DesRoches (Dkt. #216)

4   should not be sealed for the same reasons.

5   **B.       Motion to Dismiss and Related Documents**

6          The Court GRANTS defendants' motion to file their third motion to dismiss under seal

7   (Dkt. #173).  The motion (Dkt. #174) and supporting exhibits (Dkt. #175) may remain under

8   seal.  The documents contain private and highly emotional communications between plaintiff

9   and his family members, and the public's interest in reviewing those documents is minimal.  For

10  the same reason, the Court GRANTS defendants' motion to file its reply under seal (Dkt. #199).

11  The memorandum (Dkt. #203) and the supporting declaration (Dkt. #205) may remain under

12  seal.

13         Plaintiff's motion to seal his documents filed in response to the motion (Dkt. #183) is

14  DENIED.  Although the memorandum (Dkt. #182) briefly notes plaintiff's troubled mental state

15  and the opinion that he was psychotic for a period of time, those matters were testified about in

16  open court.  Similarly, Dr. Wolf's declaration (Dkt. #185) contains his opinion of plaintiff's

17  former mental state, about which he testified in open court.  Furthermore, Dr. Wolf's declaration

18  contains primarily legal rather than medical opinions.  Mr. Tilton's declaration (Dkt. #184)

19  similarly contains legal arguments and information about which he testified during trial.

20  **C.       Motion to File Discovery Documents Under Seal**

21         Plaintiff seeks to file under seal his motion for authorization to show documents

22  designated as "confidential" during discovery to Brian DesRoches and to his attorney.  The

23  motion to seal (Dkt. #230) is GRANTED IN PART AND DENIED IN PART.  The notes

24  attached as an exhibit to that motion include private information about others who are not parties

25  to this action; therefore, docket #231 will remain under seal.  However, plaintiff's reply (Dkt.

26  #247) and corrected reply (Dkt. #248) do not contain private or sensitive information and will be

27

28  ORDER REGARDING
    MOTIONS TO SEAL - 3

1 unsealed.

2   Defendants' motion to file deposition designations under seal (Dkt. #238) is GRANTED

3 IN PART AND DENIED IN PART.  The deposition of Dr. Furlong (Dkt. #239), which contains

4 plaintiff's private medical information beyond what was testified about during trial, may remain

5 under seal.  The deposition of Elizabeth Weiner (Dkt. #240) contains information about

6 defendant's personnel evaluation process, code of ethics, and the fact that the company recently

7 underwent a reduction in force, none of which is proprietary business information.  The

8 deposition of Stephen Shepard (Dkt. #242) contains very general information about the

9 magazine's subscribers and circulation, defendant's code of ethics and revisions to the same, and

10 the magazine's general process for considering story ideas, none of which appears to be

11 proprietary business information.  There appears to be no reason to seal Ms. Weiner's and Mr.

12 Shepard's deposition transcripts.  Mr. Tilton testified about the information contained in his

13 deposition transcript (Dkt. #243), so there appears to be no reason to continue to seal that

14 transcript.

15   Based on the foregoing, the Clerk of the Court is directed to unseal the following

16 documents on or shortly after January 11, 2008 unless the parties show cause before that day

17 why the Court should not unseal them: Dkt. ## 161, 162, 163, 164, 165, 182, 184, 185, 187,

18 188, 190, 195, 198, 200, 214, 215, 216, 217, 218, 219, 240, 242, 243, 247 and 248.

19

20   DATED this 14th day of December, 2007.

21

22

23   _MW S Lasnik_
   Robert S. Lasnik
24   United States District Judge

25

26

27

ORDER REGARDING
28 MOTIONS TO SEAL - 4